IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DAVE KWITEK and DVG ORIEN LLC,

    Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY OF AMERICA

    Defendant.

Case No.

## NOTICE OF REMOVAL

Defendant Nationwide Insurance Company of America ("Nationwide"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-captioned action from the Circuit Court of Jackson County, Missouri, Case No. 2416-CV33260, to the United States District Court for the Western District of Missouri. Nationwide asserts the following grounds supporting removal:

**I.     BACKGROUND[1]**

1. On November 20, 2024, Plaintiffs Dave Kwitek and DVG Orien LLC ("Plaintiffs") commenced this action against Nationwide in the Circuit Court of Jackson County, Missouri, Case No. 2416-CV33260 (the "State Court Action").

---

[1] Nationwide treats Plaintiffs' allegations as true only for purposes of this Notice of Removal.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Petition are attached as **Exhibit A**. These are the process, pleadings, and orders that have been served in this action.

3. This first-party insurance and vexatious refusal action involves allegations of "considerable" commercial property damage from water, discovered on or about June 14, 2024. (*See generally* Petition).

4. Plaintiffs allege certain renovation work proceeded at a property located at 8500 Ward Parkway, Kansas City, Missouri 64114 (the "Property"). (*Id.*, ¶ 9).

5. Plaintiffs allege that Nationwide had issued to Plaintiffs a policy of insurance, policy number CPS7985403, with a policy period of April 27, 2024, through July 27, 2024 (the "Policy"), that covered the Property. (*Id.*, ¶ 10).

6. Plaintiffs further allege that on June 14, 2014, Plaintiffs discovered two water leaks in the property, resulting in the subject property damage insurance claim submitted to Nationwide. (*Id.*, ¶¶ 11-20). Plaintiffs allege that the flooding water from the leaks "caused considerable damage to the building, including, but not limited to, damage to certain electrical components in the building." (*Id.*, ¶ 19).

7. Plaintiffs claim that they have incurred, among other things, "repair, cleanup, and remediation costs and expenses totaling $121,705.27 that should have been covered under the Nationwide policy," but for which Nationwide refused to pay. (*Id.*, ¶ 36).

8. Based on these allegations, Plaintiffs assert claims against Nationwide for breach of contract (Count I) and vexatious refusal to pay (Count II). Plaintiffs claim contract-based damages under the Policy for in excess of $25,000, including $121,705.27 in actual damages. (*Id.*,

2

4919-1058-5095

Case 4:24-cv-00809-DGK    Document 1    Filed 12/19/24    Page 2 of 8

¶ 36). Plaintiffs further claim statutory penalties and attorney's fees under Missouri's vexatious refusal statute, RSMo. § 375.420. (*Id,* Prayer, Count II).

## II.     THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(a)

9.      As demonstrated below, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000, exclusive of interest and costs. Further, Nationwide has satisfied all other removal requirements. *See* 28 U.S.C. §§ 1441, 1446.

### A.      Complete Diversity of Citizenship Exists.

10.     "For purposes of diversity jurisdiction, the terms 'citizenship and 'domicile' are synonymous." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014). "Although residence alone is not the equivalent of citizenship, the place of residence is *prima facie* the domicile." *Id.* at *2 (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

11.     Plaintiff, Dave Kwitek, is an individual who resides in Verona, Wisconsin. (Pet. ¶ 3). Upon information and belief, Plaintiff Kwitek is thus a citizen of Wisconsin for assessing the propriety of diversity jurisdiction.

12.     According to the Petition, Plaintiff, DVG Orien LLC, is a Missouri limited liability company with a principal place of business in Verona, Wisconsin. (*Id.* ¶ 4). In the Eighth Circuit, LLC citizenship is based upon the citizenship of its members. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004). Upon information and belief, and while not apparently publicly available information (per Nationwide's review of Missouri Secretary of State business filings and other available sources), Plaintiff DVG Orien's individual members are all Wisconsin and/or Missouri citizens (or, at a minimum, upon

3

information and belief none of DVG Orien's individual members are Ohio or Arizona citizens).[2] *See* **Exhibit B**, DVG Orien Cert. Of Org. (identifying lone organizer as Missouri resident Ryan C. Cook). Plaintiff DVG Orien LLC is therefore a citizen of Wisconsin and/or Missouri (but not a citizen of either Ohio or Arizona) for purposes of the removal analysis.

13. Defendant Nationwide, on the other hand, is a corporation organized under the laws of Ohio with its principal place of business in Ohio. Defendant Nationwide is thus a citizen of Ohio for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *see also* NICA Quarterly Financial Report Excerpt, **Exhibit C**. Plaintiff also alleges the underwriting company for the Policy is Scottsdale Insurance Company, which is a corporation organized under the laws of Ohio with its principal place of business in Arizona. Thus, in the event the federal district court acknowledges a misnomer issue (*i.e.*, that Scottsdale should instead be the named-defendant), federal diversity jurisdiction remains proper as Scottsdale is thus a citizen of Ohio and Arizona for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *see also* SIC Quarterly Financial Report Excerpt, **Exhibit D**.

14. Accordingly, complete diversity of citizenship exists between Plaintiffs and Nationwide.

---

[2] To the extent the Court finds the allegations in Plaintiffs' Petition and Nationwide's good-faith assertions inadequate, Nationwide requests the Court allow the parties to conduct jurisdictional discovery to determine DVG Orien LLC's citizenship. *See GMAC Com. Credit LLC*, 357 F.3d at 829 (ordering limited jurisdictional discovery and hearing in order to determine citizenship of LLC in question); *see also KC Ravens, LLC v. Micah Energy Corp.*, No. 4:13-00870-CV-DGK, 2013 WL 12159426, at *1 (W.D. Mo. Oct. 17, 2013) (ordering limited jurisdictional discovery and noting that "[b]ecause LLC membership information is rarely a matter of public record, a party, who in good-faith on the basis of limited information, invokes diversity jurisdiction against an LLC may need to conduct jurisdictional discovery to convince the court that jurisdiction exists").

**B.     The Amount-in-Controversy Is Satisfied.**

15.     In the Eighth Circuit, the removing party need only establish that the amount-in-controversy exceeds $75,000 by a "preponderance of the evidence." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. The defendant need not establish that "the damages [sought] are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) [internal quotations and citations omitted; emphasis in original]. Where such a plausible allegation is made, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.*

16.     The face of Plaintiffs' Petition makes clear that the amount-in-controversy for the contract claim alone (Count I) exceeds $121,000—well above the jurisdictional threshold. Again, Plaintiffs claim breach of contract damages, including $121,705.27 in actual compensatory damages for "repair, cleanup, and remediation costs and expenses," which Plaintiffs claim were denied by Nationwide and should have instead been covered under the Policy. (Pet. ¶ 36).

17.     Plaintiffs also seek statutory penalties and attorney's fees under Missouri's vexatious refusal statute, RSMo. § 375.420, which this Court must also take into account in calculating the amount in controversy for satisfying the jurisdictional minimum. (Pet. Prayer, Count II); *see, e.g.*, *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (stating, "Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction") (quoting *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001)); *see also Pickett v. Mass. Mut. Life Ins. Co.*, No. 4:21-cv-00563-SRC, 2021 WL 4504427, at *4 (E.D. Mo. Oct. 1, 2021) (finding plaintiff's prayer for attorney's fees under Mo. Rev. Stat § 375.420 counted

5

towards the jurisdictional minimum for diversity jurisdiction); *Walz v. FedEx Office and Print Servs., Inc.*, 2012 WL 5386058, at *4 (W.D. Mo. Nov. 2, 2012); § 375.420 (authorizing claimants to seek a reasonable attorneys' fee along with 20% of the first $1,500 of a loss and 10% of the loss in excess of $1,500).

18. Consequently, the face of Plaintiffs' Petition establishes the amount-in-controversy.

### III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

19. Nationwide was served with the Summons and a copy of the Petition on November 22, 2024. (*See* **Ex. A**). This Notice of Removal is thus timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after Nationwide first received a copy of Plaintiffs' Petition.

20. Pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1391(b), venue is proper in this Court because this Court is the United States District Court and Division for the district in which the State Court Action is pending.

21. Pursuant to 28 U.S.C. § 1446(d), Nationwide will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal, with the clerk of the Circuit Court of Jackson County, Missouri, where the State Court Action was pending, and will serve a copy of the same upon counsel for Plaintiffs.

22. By filing this Notice of Removal, Nationwide does not waive any jurisdictional or other defenses that might be available to it. In addition, Nationwide expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

23. If any questions arise as to the propriety of this removal, Nationwide respectfully requests an opportunity to present a brief and argument as to why removal is proper.

## IV. **CONCLUSION**

WHEREFORE, Nationwide hereby removes this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri-Western Division.

Dated: December 18, 2024           Respectfully submitted,

*/s/ W. Clark Richardson*
W. Clark Richardson (MO #66948)
Oluwasayo Ayeomoni (MO #74554)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
wrichardson@shb.com
oayeomoni@shb.com

***ATTORNEYS FOR DEFENDANT NATIONWIDE INSURANCE COMPANY OF AMERICA***

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on December 19, 2024, a copy of the foregoing document was served via e-mail (PDF format) and filed with the Court's electronic filing system, which sent notice to all counsel of record for this matter, including:

Randall L. Rhodes (MO #43211)
ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.
5250 West 116th place, Ste. #400
Leawood, Kansas 66211
Telephone: (913)-387-1600
Facsimile: (913)-928-6739
rrhodes@rousepc.com

*ATTORNEYS FOR PLAINTIFFS*
*DAVE KWITEK and DVG ORIEN LLC*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ W. Clark Richardson*